IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:14-CV-47-BO

| | |
|---|---|
| KWABENA OKOFO BOANSI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| JEH JOHNSON, Secretary, U.S. | ) |
| Department of Homeland Security, et al., | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on a motion for temporary restraining order filed by plaintiff Kwabena Okofo Boansi and a corresponding motion for a hearing. [DE 12, 16]. Defendant has responded in opposition and the matter is ripe for ruling. For the reasons stated herein, plaintiff's motions are DENIED.

## BACKGROUND

Dr. Boansi, a citizen and national of Ghana, is a professor at Elizabeth City State University ("the University"). He has worked for the University since 2005 on a non-immigrant employment visa, which gives him the right to remain in the country. His current status and work authorization expire on December 31, 2014. In 2012, the University filed an immigrant visa petition and a corresponding adjustment of status application which, if granted, would confer lawful permanent resident status on Dr. Boansi. In 2013, United States Citizenship and Immigration Services ("USCIS") mailed the University a notice of intent to deny the immigrant visa petition, relying on a 2005 USCIS finding that Dr. Boansi engaged in marriage fraud. Dr. Boansi and the University submitted evidence arguing, *inter alia*, that he had not received the 2005 denial regarding marriage fraud. On February 19, 2014, USCIS denied the University's

1

petition and the corresponding application for adjustment of status. Plaintiff then filed the instant suit to challenge USCIS's denial of the immigrant visa petition under the Administrative Procedure Act, and now moves for a temporary restraining order staying USCIS's denial of Dr. Boansi's adjustment of status application. The effect of this temporary restraining order would be to allow Dr. Boansi to remain in the United States while this suit is ongoing.

DISCUSSION

The purpose of a temporary restraining order or preliminary injunction is to maintain the status quo while a lawsuit is pending. *League of Women Voters of N.C. v. N.C.*, 769 F.3d 224, 236 (4th Cir. 2014). Whether requesting a temporary restraining order or a preliminary injunction, a movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Critically, each of these four requirements must be satisfied." *League of Women Voters*, 769 F.3d at 249. A plaintiff can obtain a temporary restraining order only if "he demonstrates a clear likelihood of success on the merits, *and* the balance of equities favors him, *and* the injunction is in the public interest. *Id.* at 250. A temporary restraining order is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, *Federal Practice and Procedure* § 2951 (2d ed.).

This case is complicated by the fact that, under the Administrative Procedures Act ("APA") the Court may review a challenge to agency action by an aggrieved party, but the Court can set aside a final agency action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 702, 704, 706(2)(A). The arbitrary and

2

capricious standard requires courts to determine if "the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Bowman Transp. Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285 (1974). A district court may not substitute its judgment for that of USCIS. *Marsh v. Or. Natural Res. Council,* 490 U.S. 360, 378 (1989).

The APA authorizes courts to issue preliminary relief to "postpone the effective date of an agency action" or to "preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. Section 705 does not authorize district courts to issue temporary restraining orders that alter the status quo or dictate specific terms and conditions to an agency. The status quo in this case is that plaintiff's adjustment of status application was denied nearly ten months ago. Dr. Boansi's request to undo the agency's denial of his application is not a request to maintain the status quo, but instead seeks to alter the status quo. Accordingly, his request is not permitted by the APA, and he has failed to demonstrate the need for immediate relief to preserve the status quo at this time and on this record.

Moreover, Dr. Boansi cannot establish the four requirements necessary to obtain a temporary restraining order. First, he is unlikely to succeed on the merits. Dr. Boansi argues that the record contains no evidence that he received the 2005 notice of intent to deny. USCIS regulations, however, require only that the agency send the notice to "the applicant or petitioner," not to the beneficiary. 8 C.F.R. § 103.2(b)(8)(iv). If USCIS did not send notice to Dr. Boansi, which at this point is too premature to decide, USCIS did not violate its own regulations. Additionally, plaintiff proffers no evidence to demonstrate that his attorney was not notified.

Dr. Boansi also cannot establish that he will suffer irreparable harm. The Supreme Court has held that economic wages or loss of an employment opportunity to do not constitute irreparable harm for purposes of preliminary injunctive relief. *Sampson v. Murray,* 415 U.S. 61,

3

90, (1974). Additionally, if Dr. Boansi obtains legal status in the future, there is nothing to suggest that he would be barred from resuming his employment at the University. *See id.* (noting that "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm."). Plaintiff also alleges that he will suffer irreparable harm by returning to West Africa, which is a part of the world currently suffering from an Ebola epidemic. This, however, is a potential harm, not a definite harm, and Dr. Boansi therefore fails to demonstrate he will suffer irreparable harm in the absence of a temporary restraining order.

The Court finds that the balance of equities tips in plaintiff's favor. Dr. Boansi will lose his job if he cannot remain in the United States legally. Additionally, defendants will not be harmed by a temporary restraining order limited only to the period of judicial review of his case. A restraining order, however, is not in the public interest. Granting preliminary relief in this case would incentivize non-citizens to file motions for a temporary restraining order whenever their status is about to expire instead of awaiting a decision on the merits of an APA action. As the Court of Appeals for the District of Columbia has observed, "when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The entire case on review is a question of law." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (quotation omitted). The procedure of determining whether to grant preliminary relief normally "assumes that the district judge will be obliged to make a decision before the complete case is presented—before all the evidence is submitted . . . ." *Id.* Here, however, there is no need to further develop the record, gather evidence, or narrow the legal issues in this case. Accordingly, this case is particularly unfit for preliminary relief, and such relief would not serve the public interest.

Accordingly, this case is particularly unfit for preliminary relief, and such relief would not serve the public interest.

Although the balance of equities tips in plaintiff's favor, "each of the[] four requirements must be satisfied." *League of Women Voters*, 769 F.3d at 249. Dr. Boansi cannot establish that he is likely to succeed on the merits, that he will suffer irreparable harm, or that a temporary restraining order is in the public interest. Moreover, his request for relief is not permitted under the APA. His motion for a temporary restraining order is therefore DENIED. His motion for a hearing on his request for a temporary restraining order is therefore DENIED AS MOOT.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a temporary restraining order is DENIED. Plaintiff's motion for a hearing is therefore DENIED AS MOOT.

SO ORDERED, this 3 day of December, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5